UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

QUINTIN EUGENE CHANDLER,

        Plaintiff,

v.

UNKNOWN PRATT et al.,

        Defendants.
_____/

Case No. 1:25-cv-1030

Honorable Sally J. Berens

**OPINION**

    This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court will grant Plaintiff's motion (ECF No. 2) for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 1, PageID.4.)

    This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).

    Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S.

344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

  Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

2

consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Carson City Correctional Facility (DRF). Plaintiff's Eighth Amendment excessive force and Fourteenth Amendment equal protection claims against Defendants Pratt, Schutt, and McAlvey remain in the case.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Saginaw County Correctional Facility (SRF) in Freeland, Saginaw County, Michigan. The

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

events about which she[2] complains, however, occurred at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan. Plaintiff sues DRF Sergeants Unknown Pratt and Unknown Schutt, DRF Officer Unknown McAlvey, and DRF. (ECF No. 1, PageID.2.)

Plaintiff alleges that on July 4, 2024, she was "gay bashed" and assaulted by Defendants Schutt, Pratt, and McAlvey, as well as by numerous other Corrections Officers while Plaintiff was requesting protection from her assaultive cellmate, Inmate Spearman #320836. (ECF No. 1, PageID.3.)

Between 6:50 and 7:30 p.m. on July 4, 2024, Plaintiff was assaulted by Inmate Spearman. When Plaintiff's door was opened for "medline," she went to the officers' desk to report the assault and asked to be moved. (*Id.*) Plaintiff's request was denied, so Plaintiff set two padlocks on the desk and stated that she did not want to have to defend herself. Officer Cross told Plaintiff that her "bunkie would beat [Plaintiff's] ass," and Plaintiff stated that she did not want to find out. (*Id.*) Plaintiff was told to take her medication and go lockdown. Plaintiff stated "ok," but grabbed a broom on the way to her door. (*Id.*)

Defendant Schutt then approached Plaintiff and asked for the broom and the padlocks. Plaintiff gave Defendant Schutt the broom but protested that she needed the padlocks to defend herself. (*Id.*) Defendant Pratt then came towards Plaintiff with mace aimed at her face, and Plaintiff jerked back. Defendant Schutt then reached for Plaintiff's arm, and Plaintiff ran, afraid that she would be "slammed." (*Id.*) Plaintiff was sprayed in the back with mace and when Plaintiff turned to run back toward Defendants, she was sprayed in the face and then slammed onto her head. (*Id.*) Plaintiff was dazed and felt punches to her neck and back, which caused Plaintiff to scream "stop

---

[2] The Court notes that, according to a complaint Plaintiff filed with the Michigan Department of Civil Rights regarding this incident, Plaintiff identifies as a gay transgender woman. (ECF 1-1, PageID.7.)

4

hurting me." (*Id.*) Plaintiff heard someone say, "look at you now f[**] look at your makeup." (*Id.*) Plaintiff's face was rubbed on the ground, smearing her makeup. (*Id.*) Defendant McAlvey then said, "I got something for you f[**]," and began to tase Plaintiff on her buttocks. (*Id.*)

Plaintiff seeks unspecified damages and equitable relief. (*Id.*, PageID.4.)

**II.     Failure to State a Claim**

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by

a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because section 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under section 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.      Defendant DRF

As noted above, Plaintiff names DRF as a defendant in this action. An express requirement of 42 U.S.C. § 1983 is that the defendant be a "person." *See Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978). DRF is an administrative unit of the Michigan Department of Corrections. Neither a prison nor a state corrections department is a "person" within the meaning of section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Therefore, Plaintiff's claim against Defendant DRF is properly dismissed for failure to state a claim.

Furthermore, Plaintiff's claim against Defendant DRF is barred by the Eleventh Amendment. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). That amendment prohibits suits in federal court against the state or any of its agencies or departments. *Pennhurst State School & Hosp. v. Haldermann*, 465 U.S. 89, 100 (1984), *superseded by statute on other grounds*, 28 U.S.C. § 1367. A state's Eleventh Amendment immunity is in the nature of a jurisdictional defense and may be raised on the court's own motion. *Estate of Ritter v. Univ. of Mich.*, 851 F.2d 846, 852 (6th Cir. 1988). The Supreme Court has squarely held that the Eleventh Amendment bars federal suits against state departments of corrections. *Pugh*, 438 U.S. at 782. DRF is therefore not subject to a section 1983 action.

### B.      Eighth Amendment

Plaintiff claims that she was subjected to excessive force in violation of the Eighth Amendment. The Eighth Amendment embodies a constitutional limitation on the power of the

states to punish those convicted of a crime. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *See Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981); *see also Trop v. Dulles*, 356 U.S. 86, 101 (1958). The Eighth Amendment also prohibits conditions of confinement which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain." *Rhodes*, 452 U.S. at 346. Among unnecessary and wanton inflictions of pain are those that are "totally without penological justification." *Id.*

Generally, restrictions and even harsh conditions of confinement are not necessarily cruel and unusual punishment prohibited by the Eighth Amendment. *Rhodes*, 452 U.S. 347. The Supreme Court has held that "whenever guards use force to keep order," the standards enunciated in *Whitley v. Albers*, 475 U.S. 312 (1986), should be applied. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *see also Wilkins v. Gaddy,* 559 U.S. 34, 37–39 (2010). Under *Whitley*, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6–7; *Wilkins*, 559 U.S. at 37. In determining whether the use of force is wanton and unnecessary, the court should evaluate the need for application of force, the relationship between that need and the amount of force used, the threat "reasonably perceived by the responsible officials," and any efforts made to temper the severity of the forceful response. *Hudson*, 503 U.S. at 7 (citing *Whitley*, 475 U.S. at 321); *accord Griffin v. Hardrick*, 604 F.3d 949, 953–54 (6th Cir. 2010); *McHenry v. Chadwick*, 896 F.2d 184 (6th Cir. 1990).

In this case, Plaintiff alleges that, following an assault by her cellmate, an officer who is not named as a Defendant in this case refused to protect her from further assault and ordered her to return to her cell. (ECF No. 1, PageID.3.) Plaintiff states that she was armed with a pair of padlocks and that she grabbed a broom on the way back to her cell, but Defendant Schutt ordered

7

Plaintiff to turn the broom and padlocks over to him. (*Id.*) Plaintiff gave Defendant Schutt the broom but refused to return the padlocks, protesting that she needed them for protection. (*Id.*) Defendant Pratt then approached Plaintiff with mace, which was aimed at Plaintiff's face. (*Id.*) Plaintiff ran away but felt mace being sprayed at her back, so she turned to run toward Defendants and was sprayed in the face. Plaintiff was then thrown to the floor, striking her head, and was punched in the neck and back by Defendants. (*Id.*) Plaintiff screamed, and he heard someone say "look at you now f[**] look at your makeup" while rubbing Plaintiff's face on the floor. (*Id.*) Defendant McAlvey then called Plaintiff a "f[**]" and told her that he had something for her before tasing Plaintiff on her buttocks. (*Id.*)

It is clear from Plaintiff's allegations that there was penological justification for the use of some degree of force in this case. Plaintiff concedes that she was armed and refused to turn over her weapons. Plaintiff also admits that she ran from Defendants and then turned and ran at them while armed. However, Plaintiff also alleges that, once she was placed on the ground, Defendants punched her in the neck and back, and that a taser was used on her. Therefore, because it is not clear at this point in the litigation whether the amount of force used was justified by the circumstances, the Court will not dismiss Plaintiff's Eighth Amendment claims against Defendants Pratt, Schutt, and McAlvey.

    **C.    Equal Protection**

Plaintiff claims that she was "gay bashed" (ECF No. 1, PageID.3), which the Court construes as asserting an equal protection claim. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. Const., amend. XIV; *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).

The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. Const., amend. XIV; *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). The threshold element of an equal protection claim is disparate treatment. *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006).

An allegation that a prison official used racial slurs, standing alone, does not necessarily violate the Fourteenth Amendment's guarantee of equal protection. *Price v. Lighthart*, No. 1:10-cv-265, 2010 WL 1741385, at *2 (W.D. Mich. Apr. 28, 2010) (citing *Williams v. Kaufman County*, 352 F.3d 994, 1013 & n. 61 (5th Cir. 2003)). However, when accompanied by "harassment or a violation of established rights," a racial epithet "may amount to a separate equal protection violation." *Id.* Rather than a racial epithet, Plaintiff claims that Defendants' use of a homophobic slur accompanied the use of force. Taking Plaintiff's factual allegations as true and in the light most favorable to Plaintiff, at this stage of the proceedings, the Court will not dismiss Plaintiff's Fourteenth Amendment equal protection claims.

## Conclusion

The Court will grant Plaintiff's motion (ECF No. 2) to proceed *in forma pauperis*. Having conducted the review required by the PLRA, the Court determines that Defendant DRF will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C.

§ 1997e(c). Plaintiff's Eighth Amendment excessive force and Fourteenth Amendment equal protection claims against Defendants Pratt, Schutt, and McAlvey remain in the case.

An order consistent with this opinion will be entered.


Dated:  October 8, 2025                            /s/ Sally J. Berens
                                                                                 SALLY J. BERENS
                                                                                 United States Magistrate Judge